

FILED

MAR - 3 2023

ARTHUR JOHNSTON
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| Melinda Diane Dove, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 3:23cv160-CWR-FKB |
| | ) |
| Life Insurance Company | ) |
| of North America, John | ) |
| Does 1-5, and John Doe | ) |
| Companies 1-5, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff, Melinda Diane Dove, pursuant to the Federal Rules of Civil Procedure, and files her Complaint against Defendants, Life Insurance Company of North America, John Doe Companies 1-5, and John Does 1-5, as follows:

### Parties

1.     Plaintiff, Melinda Diane Dove ("Ms. Dove"), is an adult resident citizen of Rankin County, Mississippi with an address of 214 E. Waterwood Drive, Brandon, Mississippi 39047.

2.     Defendant, Life Insurance Company of North America ("Defendant"), is a life insurance company with a home office at 1601 Chestnut Street TL 14A, Philadelphia, Pennsylvania 19192-2392. Defendant writes insurance policies in the State of Mississippi, is licensed to do business in the State of Mississippi, and may be served with process through its

1

registered agent CT Corporation System of Mississippi at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.     John Doe Companies 1-5 and John Does 1-5 are the currently unknown parent, subsidiary, or otherwise affiliated companies of Defendant, and their individual representatives, who are responsible for the acts and omissions alleged herein.

### Jurisdiction and Venue

4.     Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this matter because Ms. Dove seeks to recover an amount that exceeds $75,000.00, and diversity exists between Ms. Dove and Defendant.

5.     Pursuant to 28 U.S.C. § 1391, venue is appropriate in the United States District Court for the Southern District of Mississippi because (1) Defendant is in the business of writing insurance policies in the Southern District of Mississippi, (2) the subject life insurance policy was issued to Ms. Dove in the Southern District of Mississippi, and (3) a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Mississippi.

### Facts

6.     Ms. Dove purchased a life insurance policy (the "Policy") from Defendant through her employer, Wraser Pharmaceuticals, LLC, located at 121 Marketridge Drive, Ridgeland, Mississippi 39157. (*See* Policy No. SGM-603430, attached hereto as Exhibit "A.")

7.     Defendant never provided Ms. Dove a copy of the Policy. Ms. Dove obtained a copy of the Policy after the events described herein occurred.

8.     The Policy's effective date was July 1, 2012.

2

9.    Under the Policy, Ms. Dove elected to receive "Dependent Child Life Coverage" on the life of her child, Brian Christopher Ray. This coverage provides a $10,000 benefit in the event of Brian Ray's death.

10.    Ms. Dove paid all the premiums due on the Policy, including those premiums attributed to the Dependent Child Life Coverage.

11.    On or around November 10, 2020, after a prolonged battle with prescription medication addictions that were exacerbated by an injury, Brian Ray died tragically by suicide. He was thirty-four (34) years old.

12.    After Brian Ray's untimely death, Ms. Dove submitted her claim for benefits under the Dependent Child Life Coverage.

13.    In response, Defendant sent Ms. Dove a letter requesting additional information on her claim. Defendant claimed that it needed the requested information to substantiate that Brian Ray met the Policy definition of a "Dependent Child."

14.    The Policy defines a "Dependent Child" as follows:

**Dependent Child**
An Employee's unmarried child who meets the following requirements.
1.    A child from live birth to 19 years old;
2.    A child who is 19 or more years old but less than 26 years old, enrolled in a school as a full-time student and primarily supported by the Employee;
3.    A child who is 19 or more years old, primarily supported by the Employee and incapable of self-sustaining employment by reason of mental or physical handicap. Proof of the child's condition and dependence must be submitted to the Insurance Company within 31 days after the date the child ceases to qualify as a Dependent for the reasons listed above. During the next two years, the Insurance Company may, from time to time, require proof of the continuation of such condition and dependence. After that, the Insurance Company may require proof no more than once a year.

15.    To that end, Defendant's letter requested Ms. Dove to provide: (1) proof that Brian Ray was incapable of self-sustaining employment by reason of mental or physical handicap; (2)

3

tax returns where Ms. Dove claimed Brian Ray as a dependent; (3) a "Physician Contact Sheet" listing the name and contact information for all Brian Ray's treating physicians; and (4) an executed medical authorization.

16.    Ms. Dove fully complied with this request.

17.    Specifically, on May 27, 2022, Ms. Dove, through counsel, submitted the requested information to Defendant, including: (1) copies of medical records proving that Brian Ray was incapable of self-sustaining employment by reason of physical or mental handicap; (2) Ms. Dove's tax returns that claimed Brian Ray as a dependent; (3) a fully filled-out Physician Contact Sheet; and (4) a signed medical authorization.

18.    Then, on May 31, 2022, Defendant requested a copy of Brian Ray's death certificate and additional tax returns. Ms. Dove, through counsel, immediately complied with this request.

19.    The next day, on June 1, 2022, Defendant denied Ms. Dove's claim.

20.    Defendant did not utilize or take any action whatsoever to obtain medical records pursuant to the filled-out Physician Contact Sheet and executed medical authorization that Defendant required Ms. Dove to provide.

21.    Instead, on June 1, 2022 – just five (5) days after receiving the requested documents from Ms. Dove, and one (1) day after receiving additional documentation – Defendant wrongfully denied Ms. Dove's claim.

22.    The sole basis for Defendant's denial of coverage was that Brian Ray's death certificate indicated that he had been divorced. According to Defendant, this meant that he did not meet the Policy definition of a Dependent Child.

23.    Specifically, Defendant's denial letter stated, in pertinent part:

4

The policy defines a Dependent Child as an unmarried child primarily supported by you and incapable of self-sustaining employment by reason of mental or physical handicap after age 19. The dependent child must meet that definition without any gaps in eligibility through his or her date of passing.

The death certificate states Brian Ray was divorced at the time of his passing. Mr. Ray did not meet the policy definition of a Dependent Child since he was married, even if he was not married at the time of his passing.

Since Mr. Ray did not meet the policy definition of a Dependent Child, the Dependent Child Life coverage you elected for him is not payable.

24.     When asked for clarification, Defendant sent an email stating: "This claim was denied on 06/01/2022 because the death certificate stated Brian Ray was divorced. The policy states a dependent child cannot have been married to be eligible (even if they are divorced at the time of death). Since Mr. Ray did not meet the policy definition, the claim was not payable."

25.     Despite Defendant's denial, the Policy does not define the word "unmarried." It certainly does not define it to only include individuals who have *never* been married, as opposed to individuals who are "unmarried" by divorce.

26.     Moreover, no language in the Policy states that the Dependent Child "must meet that definition without any gaps in eligibility through his or her date of passing."

27.     And even if it did, Brian Ray's divorce decree was entered on June 3, 2010 – more than two years before the Policy's effective date on July 1, 2012. Thus, Brian Ray was "unmarried" at all times throughout the term of the Policy. There were no gaps in Brian Ray's eligibility as a Dependent Child.

28.     Defendant failed to perform a reasonable investigation into Ms. Dove's claim.

29.     Had Defendant performed a reasonable investigation into Ms. Dove's claim, or so much as asked for any additional information on Brian Ray's prior divorce, it would have easily adduced that its basis for denial was without merit.

30.     Defendant's stated basis for denial was a pretext to wrongfully and unfairly deny Ms. Dove's claim.

## Count I: Breach of Contract

31.     Ms. Dove incorporates by reference the allegations contained in the preceding paragraphs.

32.     Ms. Dove and Defendant executed the Policy, which is a valid, binding, and enforceable contract.

33.     Ms. Dove elected to receive, and paid premiums for, $10,000 of Dependent Child Life Coverage on the life of her son, Brian Ray.

34.     Brian Ray met the Policy definition of a Dependent Child.

35.     Ms. Dove performed all conditions precedent for recovery of proceeds under the Policy.

36.     By failing to tender Ms. Dove $10,000 in Dependent Child Life Coverage, Defendant breached its obligations under the Policy.

## Count II: Bad Faith Denial of Insurance Claim

37.     Ms. Dove incorporates by reference the allegations contained in the preceding paragraphs.

38.     Defendant had a duty to promptly and adequately investigate Ms. Dove's claim. In order to conduct a reasonable investigation, Defendant was required to obtain all relevant information before rendering a decision on Ms. Dove's claim.

39.     Defendant failed to conduct a reasonable investigation into Ms. Dove's claim. Had Defendant conducted a proper investigation, it would have easily adduced that its basis for denial was without merit.

6

40.     Defendant lacked any arguable or legitimate basis for denying Ms. Dove's claim.

41.     In wrongfully denying Ms. Dove's claim, Defendant committed a willful or malicious wrong, and acted with gross and reckless disregard for Ms. Dove's rights as an insured.

### Count III: Negligent and/or Intentional Infliction of Emotional Distress

42.     Ms. Dove incorporates by reference the allegations contained in the preceding paragraphs.

43.     Defendant acted negligently and/or willfully or wantonly toward Ms. Dove by denying her claim without any arguable or legitimate basis, and by failing to conduct any reasonable investigation into her claim.

44.     Defendant's actions rise to the level of evoking outrage in a civilized society.

45.     Defendant's actions were directed at Ms. Dove, and she has suffered, and continues to suffer, severe emotional distress and mental anguish as a direct result.

46.     Defendant was aware that Ms. Dove's son, Brian Ray, died in a hanging by suicide, and that Ms. Dove was in an extremely fragile emotional and mental state. Despite that knowledge, Defendant failed to perform a reasonable investigation, and denied her claim in bad faith, anyways.

47.     Ms. Dove's emotional distress was a reasonably foreseeable result of Defendant's negligent and/or intentional acts.

48.     Ms. Dove has suffered demonstrable harm from Defendant's acts, for which she has received, and continues to receive, treatment.

### Damages

49.     Ms. Dove incorporates by reference the allegations contained in the preceding paragraphs.

7

50.    Ms. Dove has been damaged as a direct result of Defendant's wrongful actions

described above, and is entitled to recover damages from Defendant.

51.    Based on the foregoing, Ms. Dove demands the following relief:

a.  Trial by jury,

b.  A judgment for Ms. Dove against Defendant,

c.  An award of monetary damages in the amount of $10,000 as proceeds owed under the terms of the Policy,

d.  An award of *Veasley* damages to be determined by a jury,

e.  An award of monetary damages for attorney's fees and costs incurred in enforcing Defendant's obligations under the Policy,

f.  An award of monetary damages for emotional distress and mental anguish to be determined by a jury,

g.  An award of punitive damages to be determined by a jury,

h.  An award of reasonable attorney fees and costs,

i.  Pre-judgment and post-judgment interest, and

j.  Such other and further general relief as may be deemed just and proper in the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Melinda Diane Dove respectfully

requests a judgment in an amount determined by the jury, as well as all other relief the Court may

deem appropriate.

Respectfully submitted,

MELINDA DIANE DOVE

By Her Attorneys,
CARROLL BUFKIN, PLLC

By: Luke E. Whitaker
Luke E. Whitaker

8

Of Counsel:

Luke E. Whitaker (MSB No. 105579)
CARROLL BUFKIN, PLLC
1076 Highland Colony Parkway
600 Concourse, Suite 125
Ridgeland, Mississippi 39157
Telephone: 601.982.5011
Facsimile: 601.853.9540
lwhitaker@carrollbufkin.com